UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| THOMAS JEROME HOWARD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00021-JPH-MKK |
| | ) | |
| CHRISTOP SIMMERMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING ACTION AND DIRECTING ENTRY OF FINAL
JUDGMENT**

The Court's screening order at Docket No. 11 dismissed the complaint
pursuant to 28 U.S.C. § 1915A. Plaintiff, Thomas Jerome Howard, Jr., was given
time in which to show cause why this action should not be dismissed because,
for the reasons provided, Mr. Howard's complaint failed to state a claim upon
which relief may be granted. Dkt. 11 at 2-5.

Mr. Howard has filed a response to the order to show cause. Dkt. 13. In
his response, Mr. Howard only states "I believe I've had filed out all my remedies
and here are my [exhibits] 1-8." *Id.* (as written). Mr. Howard attached his tort
claim response, inventory sheets, and his grievance responses. Dkt. 13-1. Mr.
Howard's response makes clear that he is pursuing his claim that the prospective
defendants caused the destruction or loss of his personal property. However, the
Court previously informed Mr. Howard that the deprivation or destruction of
personal property is not a cognizable 42 U.S.C. § 1983 claim. Because Mr.
Howard has an adequate state law remedy, the alleged deprivation of his property

1

was not a constitutional violation. *Glenn v. Vanihel,* No. 2:22-cv-00030-JMS-MG, 2022 WL 3043528, *2 (S.D. Ind. Aug. 2, 2022).

Because Mr. Howard has failed to state a viable federal claim, he may not rely on the Court's supplemental jurisdiction to entertain any prospective state-law claims. *See* 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d 754,757-58 (7th Cir. 2006).

For the same reasons stated in the Court's screening order, Mr. Howard's allegations fail to state a claim. Dkt. 11. Therefore, this action is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A; *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013); *Jennings v. City of Indianapolis,* 637 F. App'x 954, 954–955 (7th Cir. 2016). "A plaintiff can plead himself out of court by pleading facts that show that he has no legal claim." *Epstein v. Epstein,* 843 F.3d 1147, 1150 (7th Cir. 2016) (internal quotation omitted).

Also, because this case is being dismissed for failure to state a claim, the plaintiff is warned that it may constitute a "strike" under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* after having three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Madison Cty., Ill.,* 983 F.3d 904, 906 (7th Cir. 2020) ("It makes good sense for a judge who believes a dismissal to come within the scope of § 1915(g) to include notice to that effect," even though

later courts must make the conclusive determination of whether each prior dismissal meets the statutory definition).

Final judgment shall now issue.

**SO ORDERED.**

Date: 5/21/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS JEROME HOWARD, JR.
136138
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only